# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. WEBB, | CASE NO.  1:11-cv-01650-GBC (PC) |
| Plaintiff, | |
| | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| STANISLAUS COUNTY SHERIFF, | (Doc. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

_____/

## I.    Procedural History

Edward R. Webb ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  On September 29, 2011, Plaintiff filed his original complaint which is currently before the Court.  Doc. 1.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Although unclear from the complaint, it appears that at the time of the alleged violations Plaintiff was a pretrial detainee.  Doc. 1.

1    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6    which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

7    support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467

8    U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

9    *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

10   (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the

11   allegations of the complaint in question, and construe the pleading in the light most favorable to the

12   plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

13   (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

14

15   **III.    Plaintiff's Complaint**

16        Plaintiff is currently a state prisoner at Deuel Vocational Institution (DVI) in Tracy,

17   California.  The events central to Plaintiff's complaint occurred while he was incarcerated at

18   Stanislaus County Jail.  Doc. 1.  In the complaint, Plaintiff names the Stanislaus County Sheriff as

19   a defendant in this action.  Doc. 1 at 2.  Plaintiff seeks monetary damages and injunctive relief.  Doc.

20   1 at 3.

21        Plaintiff alleges that while being housed in the Stanislaus County Jail, Plaintiff fell down the

22   stairs and taken to the hospital.  Doc. 1 at 4.  No bones appeared to be broken and Plaintiff was

23   returned to the county jail.  Doc. 1 at 4.  Plaintiff repeatedly complained of pain to the medical staff

24   and county jail officers who refused to address his needs.  Doc. 1 at 4.  When Plaintiff appeared

25   before a judge for sentencing, Plaintiff agreed to plea guilty and accept a three-and-a-half year prison

26   term if he could be allowed time to get medical treatment for his back injury before serving the

27   sentence and the judge agreed.  Doc. 1 at 4.

28        On December 15, 2010, Plaintiff was released from the Stanislaus County Jail.  On December

16, 2010, Plaintiff was seen by Doctor Yip at the Doctors Medical Center in Modesto.  Doctor Yipp

informed Plaintiff that he was suffering from sciatica, a herniated disk and chronic back pain.  Doc.

1 at 4.  Plaintiff was prescribed pain medication.  Doc. 1 at 4. When Plaintiff returned to court he

asked the judge if he could be sent directly into the California Department of Corrections system in

order to receive the medical attention he needed and it was done.  Doc. 1 at 4.  At the time of writing

this complaint, Plaintiff alleges that he is currently having trouble with medical staff at DVI.  Doc.

1 at 4.

## IV.     Analysis

### A.     Eighth Amendment Deliberate Indifference of medical treatment[2]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

must show 'deliberate indifference to serious medical needs.'"  *Jett v. Penner*, 439 F.3d 1091, 1096

(9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

deliberately indifferent."  *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th

Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

by the indifference."  *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Mere negligence in diagnosing or treating a medical condition, without more, does not

violate a prisoner's Eighth Amendment rights."  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)

(quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks

omitted).  Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant

---

[2] The deliberate indifference standard applies to a pretrial detainee's right to medical care. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the *Youngberg* standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

3

1  personally participated in the deprivation of his rights.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49

2  (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of*

3  *Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934.  Liability may

4  not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct.

5  at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated

6  in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v.*

7  *List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir.

8  2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School*

9  *Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204

10  (9th Cir. 1997).

11     "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060

12  (9th Cir. 2004).  "A difference of opinion between a prisoner-patient and prison medical authorities

13  regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344

14  (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel

15  regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242

16  (9th Cir. 1989).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was

17  medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious

18  disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.

19  1986) (internal citations omitted).

20     **B.     Linkage Requirement**

21     The Civil Rights Act under which this action was filed provides:

22        Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the deprivation
23        of any rights, privileges, or immunities secured by the Constitution .
         . . shall be liable to the party injured in an action at law, suit in equity,
24        or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell*

27  *v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

28  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

4

within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 1.     Analysis

Although Plaintiff lists the Stanislaus County Sherif as a defendant in the action, Plaintiff fails to explain what specific act or omission the Stanislaus County Sherif did to cause the constitutional deprivation. Plaintiff alleges that he repeatedly complained of pain to the medical staff and county jail officers who refused to address his needs however, Plaintiff needs to specify: 1) who were the individuals; 2) when and how each individual was aware of Plaintiff's serious medical need; and 3) what specific act or omission each individual did or failed to do.

## V.     Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Plaintiff's complaint, filed September 29, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 22, 2012

_____
UNITED STATES MAGISTRATE JUDGE

6